UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROGER LEE WADE,

    Petitioner,

v.                                                                                  CASE NO. 2:06-cv-237

JERI-ANN SHERRY,                            HON. ROBERT HOLMES BELL

    Respondent.
_____/

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a Report and Recommendation ("R&R") issued by Magistrate Judge Timothy P. Greeley on May 19, 2009, recommending that Petitioner's habeas corpus petition filed under 28 U.S.C. § 2254 be denied. (Dkt. No. 22.) The R&R was duly served on the parties. After requesting an extension of time to file objections to the R&R, Petitioner filed objections on June 17, 2009. (Dkt. No. 27.) This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Defendant first objects to the determination that his Fourth Amendment claim should be dismissed. As the R&R correctly indicates, in *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court determined that "where the State has provided an opportunity for full and fair

litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 482. Defendant attempts to circumvent the rule announced in *Stone* by arguing not only that a defective warrant caused unconstitutionally obtained evidence to be introduced at his trial, but also that a defective warrant deprived the state court of the jurisdiction to enter judgment against him in the first place. Petitioner is correct to assert that a § 2254 habeas petition can be premised on a due process violation resulting from a state court's lack of jurisdiction to enter judgment against the petitioner. *See, e.g., Yellowbear v. Wyo. Attorney Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). However, Petitioner does not identify any flaws in the procedural posture of this case that would lead the Court to conclude that the state court did not have jurisdiction to prosecute him.

Michigan state courts obtain jurisdiction to prosecute either through the indictment of an accused or through the filing of an information that complies with Mich. Ct. R. 6.112(D). Mich. Comp. Laws 767.1; Mich. Ct. R. 6.112(B) ("A prosecution must be based on an information or an indictment."); *People v. Deering*, No. 274208, 2008 WL 5197091, at *10 (Mich. Ct. App. Dec. 11, 2008) (unpublished) ("The circuit court acquires jurisdiction over felony charges under either charging mechanism."). Though Petitioner asserts that he was detained pursuant to an unsigned warrant, Defendant does not argue that neither of the two alternative bases for jurisdiction was satisfied. Although the contents of an information,

2

warrant, and complaint may overlap, *see People v. Glass*, 627 N.W.2d 261, 277 (Mich. 2001), they are distinct documents, and a signed warrant is not a prerequisite to the validity of an information. *See* Mich. Ct. R. 6.112(D); *People v. Norman*, 158 N.W.2d 38, 41 (Mich. Ct. App. 1968) ("'The information is not predicated upon the complaint or the examination upon which the warrant issues, but it is presumed to have been framed with reference to the facts disclosed at the examination which succeeds the arrest.'") (quoting *People v. Kahler*, 53 N.W. 826, 826 (Mich. 1892); *see also* Mich. Ct. R. 6.104(D) (permitting prosecution to proceed even without the issuance of a warrant when the accused is arrested without a warrant).

Thus, to the extent Petitioner claims that an unsigned warrant resulted in evidence being introduced in violation of his Fourth Amendment Due Process rights, that claim is barred by the rule set forth in *Stone v. Powell*. To the extent Petitioner claims that an unsigned warrant resulted in the state court lacking jurisdiction to prosecute him in violation of his Fourth Amendment Due Process rights, that claim fails because a signed warrant is not necessary to the validity of an information, the document that, in the absence of an indictment, ultimately confers jurisdiction to prosecute on the state court.

Second, Petitioner objects to the Magistrate's conclusion that his trial counsel's failure to move for a *Wade* hearing was a matter of trial strategy. This objection ignores the high burden imposed on habeas petitioners making an ineffective assistance of counsel claim. To establish a claim for ineffective assistance of counsel, Petitioner must overcome a strong

presumption that his counsel's conduct was a matter of sound trial strategy. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). As noted by the Michigan Court of Appeals and reiterated by the Magistrate Judge, counsel used the witness's uncertainty at the photographic lineup to discredit the witness, and Petitioner identifies no evidence in the record to suggest that this decision was anything other than sound trial strategy. Counsel could have reasonably believed that, in this case, undermining the credibility of a witness would be more beneficial to Petitioner's defense than the total suppression of evidence.

Third, Petitioner objects to the Magistrate's conclusion that Petitioner was not deprived of his right to counsel under the Fifth and Sixth Amendments when his picture appeared in a photographic lineup prior to the formal initiation of criminal proceedings against him and at a time when he was not represented by counsel. Regardless of whether a photographic lineup is conducted before or after an accused is indicted, "there is no Sixth Amendment right to counsel . . . because this procedure is not one at which the accused 'require[s] aid in coping with legal problems or assistance in meeting his adversary.'" *Patterson v. Illinois*, 487 U.S. 285, 298 (1988) (citing *United States v. Ash*, 413 U.S. 300, 313-20 (1973)). Further, Petitioner's claim that the photographic lineup violated his Fifth Amendment right has been flatly rejected by the Supreme Court. *United States v. Wade*, 388 U.S. 218, 222 (1967) ("We have no doubt that compelling the accused merely to exhibit his person for observation by a prosecution witness prior to trial involves no compulsion of the accused to give evidence having testimonial significance. It is compulsion of the accused

to exhibit his physical characteristics, not compulsion to disclose any knowledge he might have.").

Petitioner's final objection to the R&R simply asserts that "[w]here no evidence exists to support a charge, the petitioner has suffered a violation of his right to due process of law under the 14th Amendment." (Dkt. No. 27, Pl.'s Objections 4.) However, the record reveals ample evidence to support the charges against him.

Accordingly,

**IT IS HEREBY ORDERED** that the May 19, 2009, Report and Recommendation of the Magistrate Judge (Dkt. No. 22) is **APPROVED** and, combined with the discussion set forth herein, is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition under 28 U.S.C. § 2254 (Dkt. No. 1) is **DENIED**.

A judgment consistent with this memorandum opinion and order will be entered.

DATED:   December 23, 2009           /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     UNITED STATES DISTRICT JUDGE

5